IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **NESTOR MARTINEZ,**<br><br>                  **Plaintiff,**<br><br>      v.<br><br>**AEROVIAS DE MEXICO, S.A. DE C.V., a foreign corporation d/b/a AEROMEXICO, and AEROLTORAL S.A. DE C.V., a foreign corporation, d/b/a AEROMEXICO CONNECT,**<br><br>                  **Defendants.** | **Case No. 19 C 00118**<br><br>**Judge Harry D. Leinenweber** |

**MEMORANDUM OPINION AND ORDER**

**I. BACKGROUND**

This negligence claim is brought under the Montreal Convention by Plaintiff Nestor Martinez ("Plaintiff"). The Montreal Convention is an international treaty that imposes liability on an air carrier for a passenger's injury or death caused by an accident during an international flight. Montreal Convention, Art. 17(1). Plaintiff filed his Complaint in the Circuit Court of Cook County Law Division alleging two counts of Negligence against Defendants Aeromexico and its subsidiary Aeromexico Connect (collectively, "Defendants"). The matter was removed to the Northern District of Illinois. The Court maintains

diversity jurisdiction under 28 U.S.C. § 1332. Before the Court is Defendants' Motion for Summary Judgment. (Dkt. No. 25.)

The Complaint alleges the following facts: on July 31, 2018, Defendant Aeromexico was scheduled to operate Flight 2431 from Durango, Mexico to Mexico City, Mexico using an aircraft owned and operated by Aeromexico and/or Aeromexico Connect. (Dkt. No. 1-1 ("Compl.") ¶ 7.) Plaintiff Martinez was a passenger on Flight 2431 and resident of Illinois with his final destination being Chicago, Illinois. (*Id.* ¶ 12.) Flight 2431 crashed shortly after take-off in dangerous and inclement weather. (*Id.* ¶ 8.) Defendants owed passengers onboard Flight 2431 a duty of care as a common carrier and breached this duty in its attempt to takeoff in Durango, Mexico despite the unsafe weather conditions and poor visibility. (*Id.* ¶¶ 18-19.) As a result of the negligence and resulting crash, Plaintiff suffered personal and pecuniary injuries while onboard the plane. (*Id.* ¶ 20.) Plaintiff alleges that due to the July 31, 2018 crash, he sustained injury to his back, right arm, elbow, sleep disturbances, as well as emotional distress. (Pl. Statement of Material Facts, ("SMF"), Dkt. No. 28 ¶¶ 7, 9, 17, 18, 23, 29.)

This matter represents one of fourteen (14) separate matters brought against Defendants by individual plaintiff passengers for negligence arising from the same July 31, 2018, Aeromexico Flight 2431 crash. The matters have been consolidated before this

Court and in eleven of these matters, Defendants moved for Summary Judgment. Defendants have since settled with four (4) of these plaintiffs. For the reasons stated herein, the Court denies Defendants' Motion.

## II. LEGAL STANDARD

Summary Judgment is appropriate if there is "no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. *Carroll v. Lynch,* 698 F.3d 561, 564 (7th Cir. 2012). The relevant substantive law governs whether a fact is material. *Id.* When reviewing the record on a summary judgment motion, the Court must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris,* 550 U.S. 372, 378 (2007). If, however, the factual record cannot support a rational trier of fact to find for the nonmoving party, summary judgment is appropriate. *Id.* at 380.

### A. Physical Injuries

It is not in dispute that this matter is governed by Article 17 of the Montreal Convention. The convention provides that "[t]he air carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the

aircraft." Montreal Convention, Art. 17(1). Accordingly, the elements of a Plaintiff's claim for bodily injury under the Montreal Convention are "(1) an accident, (2) that took place on board the aircraft, (3) which caused (4) an injury." *Narkiewicz-Laine v. Aer Lingus Ltd.,* 2015 WL 5009766, at *3 (N.D. Ill. Aug. 21, 2015).

Defendants dispute that Plaintiff will be able to satisfy his burden to prove the third element, causation, at trial for either physical injuries or emotional distress. Defendants' logic is as follows: expert testimony is required to demonstrate causation between the accident and the injuries, and Plaintiff failed to disclose any experts who can testify about causation as is required pursuant to Federal Rule of Civil Procedure Rule 26. The one expert that Plaintiff did disclose – an accident reconstructionist – is not Plaintiff's treating physician and does not opine on injury causation. Without expert testimony, Plaintiff would therefore be unable to prove a required element of his claim and thus Summary Judgment should be granted in Defendants' favor. Defendants argue at a minimum the Court should award partial summary judgment.

The Court will first address the physical injuries and then the emotional distress claim.

It is well-established that causation testimony of complex medical diagnoses is the kind of testimony that requires expert,

- 4 -

as opposed to lay witness, testimony. *See* F. R. EVID. 702 (lay witness may not offer testimony "based on scientific, technical, or other knowledge."). It is also without question that Plaintiff is required formally to disclose experts it intends to present at trial regarding causation of complex medical injuries pursuant to Federal Rule of Civil Procedure 26(a)(2). FED. R. CIV. P. 26. Plaintiff did not do so here. Instead, Plaintiff listed certain treating physicians in his initial Rule 26(a)(1) disclosures and offered other treating physicians for deposition – Dr. Janet Morioka, Dr. Yogen Patel, and Almudena Ruiz - Plaintiff's treating physical therapist, rehabilitation physician, and therapist, respectively. During deposition, Dr. Morioka testified about her impressions of Plaintiffs' diagnoses of abnormal posture, muscle weakness and strain that her colleague had diagnosed. Dr. Patel testified about her treatment of Plaintiff for his right elbow pain, and her diagnoses of tendinosis, brachioradial muscle tenderness, and myofascial pain. (Pl. SMF ¶¶ 17, 18.) Ruiz testified about her diagnoses of Plaintiff's depression and anxiety. (Pl. SMF ¶ 27.)

The Court finds that Plaintiff maintains a triable issue of fact and denies Summary Judgment.

First, not all medical injuries require expert testimony on causation. If the connection between an accident and an injury "is

a kind that would be obvious to laymen, such as a broken leg from being struck by an automobile," expert testimony is not necessary. *Schmaltz v. Norfolk & Western Ry.*, 896 F.Supp. 180, 182 (N.D. Ill. 1995) (internal quotation marks and citation omitted). Causation can be proven without expert testimony, "if all the primary facts can be accurately and intelligibly described to the jury, and if they, as men of common understanding, are as capable of comprehending the primary facts and of drawing correct conclusions from them." *Cyrus v. Town of Mukwonago,* 624 F.3d 856, 864 (7th Cir. 2010) (quoting *Salem v. U.S. Lines Co.,* 370 U.S. 31, 35 (1962)). For those injuries that do not involve a "complicated question of medical causation," Plaintiff may testify as a lay witness about his own perception, including physical and emotional effects, of the accident. *Hendrickson v. Cooper,* 589 F.3d 887, 892 (7th Cir. 2009).

*Narkiewicz-Laine v. Aer Lingus Ltd.* is instructive. 2015 WL 5009766 (N.D. Ill. Aug. 21, 2015). The court in *Narkiewicz* denied in part defendant's motion for summary judgment in a Montreal Convention claim. *Id.* at *5. Despite plaintiff's failure to present experts that could testify that an accident on board a flight was the cause of plaintiff's resulting seizure episodes, plaintiff was nevertheless able to testify as to his resulting vertigo, dizziness, memory loss, and headaches for which expert testimony

was not required. *Id.* at \*4–5. Here, Plaintiff testified that after the plane crash he sustained arm and back pain. It would not be beyond the jury's experience or observations to infer that a plane crash caused these injuries.

Second, a jury can still infer causation from a treating physician's foundation testimony about that injury, even if the witness is not an expert able to testify about causation. Plaintiff's treating physicians may testify as fact witnesses about their personal observations, the diagnoses they made, Plaintiff's history, and the treatments they provided. *See Levingston v. Myles,* 2022 WL 952279, at \*4 (N.D. Ill. Mar. 30, 2022) (Leinenweber, J.) ("Because Levingston did not formally disclose any treating physicians as experts, they are treated as fact witnesses. In other words, they may testify to what they observed and the diagnoses they made, but they may not testify about what could have caused the injuries."); *see also Caldwell v. City of Chicago,* 2010 WL 380696, at \*4 (N.D. Ill. Jan. 28, 2010). Without being properly qualified as experts, Plaintiffs' treating physicians are unable to testify as to the cause of the injuries for which they treated Plaintiff. But this does not preclude a jury from finding causation from the testimony they are allowed to give. *See Saccameno v. Ocwen Loan Servicing, LLC,* 2018 WL 10609875, at \*1 (N.D. Ill. Mar. 20, 2018).

Plaintiff proposes the Court deem the treating physicians as experts for purposes of Rule 26(a)(2)(C). Rule 26(a)(2)(C) provides that for witnesses who are not retained or specially employed to provide testimony, a written report is not required. Instead, the party need only disclose "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." FED. R. CIV. P. 26(a)(2)(C). Despite not disclosing any such summary for the treating physicians, Plaintiff proposes the Court treat the written summary requirement as satisfied because Defendants had notice of these "expert" witnesses through Plaintiff's written answers to discovery requests and witness depositions. The Court sees nothing to support such a bending of the rule. Rule 26(a)(2)(C)'s written summary requirement serves an important notice function to the opposing party. *Musser v. Gentiva Health Servs.,* 356 F.3d 751, 757-58 (7th Cir. 2004). It is not the job of the opposing party to make a record of the factual basis of the expert's testimony by way of a deposition. *See Gregory v. Oliver,* 2002 WL 31972165 at *1-2 (N.D. Ill. Dec. 27, 2002) (Shadur, J.) Without the proper disclosures, Plaintiff's treating physicians must testify as fact, and not expert witnesses.

Plaintiff's reliance on *Barnes v. Black,* 2008 WL 11366274 (C.D. Ill. 2008) is misplaced. The question in *Barnes* was whether this reference to a treating physician in plaintiff's deposition could constitute the kind of notice contemplated by FRCP 26(a)(1) governing *fact* witnesses. 2008 WL 11366274, at *1-2. The court found the reference put the opposing party on notice such that the physician was allowed to testify as a fact witness at trial. *Id*. *Barnes* did not deal with disclosures required by FRCP 26(a)(2) which governs qualified *expert* testimony, and which is at issue here.

### B.  Emotional Distress

Defendants move for Summary Judgment on Plaintiff's emotional distress claims under the same logic: Plaintiff's claim requires him to prove that the plane crash caused his emotional distress, which requires expert testimony. Because Plaintiff has not disclosed his therapist, Almuneda Ruiz, as an expert, he will be unable to prove causation and the Court should grant Defendants Summary Judgment at least with respect to his emotional distress claims. Defendants also contend that the Plaintiff will be unable to satisfy the "causation rule" for emotional distress under the Montreal Convention, which requires Plaintiff to prove that his mental anguish resulted not just from the crash, but from the physical injuries themselves.

The Court denies Defendants' Motion for Summary Judgment on the emotional distress claims for the same reasons it denies it on the physical injury claims. Defendants again make the mistaken leap that without an expert to testify about causation, Plaintiff is unable to prove causation all together. This is not so. Plaintiff can testify about his own "perceptions of his physical and mental health during the relevant time period," and Flynn and King may testify about his observations, diagnosis, and treatment of Plaintiff. *Saccameno,* 2018 WL 10609875, at *2. Ruiz can testify about her diagnoses and treatment of Plaintiff. It is for the jury, not this Court, to decide whether to infer causation.

The Seventh Circuit has not had occasion to decide the issue of the "causation rule" under the Montreal Convention. This Court elects to follow the Sixth Circuit and lower courts, including those in this circuit, that have held that a plaintiff's emotional distress claim brought under the Montreal Convention need not demonstrate the emotional distress was caused by physical injuries. *See Doe v. Etihad Airways,* 870 F.3d 406 (6th Cir. 2017); *Oshana v. Aer Lingus Ltd.,* 2022 WL 138140, at *9 (N.D. Ill. Jan. 12, 2022) (Pallmeyer, J.) The cases on which Defendants rely mirror those on which defendant relied in *Oshana* and which Judge Pallmeyer distinguished these they did not involve allegations of *any* physical injury, or because the claim was brought under the

Warsaw Convention, not the Montreal Convention. *Id*. Accordingly, the jury need not infer that Plaintiff's emotional distress was caused by his physical injuries – it is enough to infer they were caused by the crash itself.

### III. CONCLUSION

In sum, Plaintiff's treating physicians may testify as fact witnesses regarding their diagnoses, the patient's history, observations, and treatment of Plaintiff. Plaintiff may testify about his own experiences – mental and physical – relating to the plane crash. Because there is a genuine issue of material fact regarding causation, Defendants' Motion for Summary Judgment or Partial Summary Judgment is denied.

**IT IS SO ORDERED.**

 Harry D. Leinenweber, Judge
 United States District Court

Dated: 9/6/2023